**ORIGINAL**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
YOULANDA DUARTES,

                              Plaintiff,

          - against -

COUNTY OF NASSAU, NASSAU COUNTY POLICE
DEPARTMENT, POLICE OFFICER "LAKE"and
OFFICERS "JOHN DOES" 1-10, in their official and
individual capacity,

                              Defendants.
-------------------------------------------------------------------------X

DOCKET NO.: **07**  **2929**

SEYBERT, J

**COMPLAINT**

WALL, M.J.

*JURY TRIAL DEMANDED*

          **PLAINTIFF,** YOULANDA DUARTES, by and through her attorneys, THE LAW OFFICES

OF FREDERICK K. BREWINGTON, as and for her Complaint against the Defendants, respectfully

states and alleges, upon information and belief, as follows::

                              **PRELIMINARY STATEMENT**

          1.        This is a civil action against the COUNTY OF NASSAU, its agents and employees, the

NASSAU COUNTY POLICE DEPARTMENT, their agents and employees, POLICE OFFICER

"LAKE", OFFICERS JOHN DOES 1-10,  in their individual and official capacity seeking monetary

relief, a declaratory judgment, compensatory and punitive damages, disbursements, costs and fees for

violations of the Plaintiff's rights, brought pursuant to 42 U.S.C. §§ 1981,1983, 1985, 1986; Section 504

of the Rehabilitation Act of 1973 (29 U.S.C. §794); Americans with Disabilities Act (42 U.S.C. §12101

*et. seq.*);  Assault; Battery; Negligence; and other State-Law causes of actions. Plaintiff, YOULANDA

DUARTES, was falsely imprisoned, subjected to public ridicule, subjected to excessive force and

violence, subjected to abuse of authority, subjected to undue pressure, and made to suffer injury to her

body and mind, without reason, legal basis or justification by the COUNTY OF NASSAU, its agents and

employees, the NASSAU COUNTY POLICE DEPARTMENT, their agents and employees, POLICE

OFFICER "LAKE", and  OFFICERS JOHN DOES 1-10,  all who knew or should have known, or

became aware that there was no merit to the detention, imprisonment, and the continuance of said

actions and that pursuit of same was illegal. All acts were committed under color of law, thus depriving

Plaintiff of rights secured by the Constitution and laws of the United States and the State of New York

2. Specifically, the Plaintiff alleges that the Defendants (collectively and individually) negligently, wantonly, recklessly, intentionally and knowingly sought to and did wrongfully deprive her of her Constitutional rights, pursuant to the above mentioned statute and causes of action by committing acts under color of law and depriving the Plaintiff of rights secured by the Constitution and laws of the State of New York.

3. Plaintiff alleges that Defendants (collectively and individually), their agents, employees and servants unlawfully searched, seized, harassed, abused, assaulted and battered Plaintiff without authority or justification.

4. Plaintiff alleges that the Defendants (collectively and individually) were negligent in their failure to conduct a proper investigation and/or follow proper procedures in violation of the Plaintiff's constitutional and civil rights.

5. Plaintiff further alleges that Defendants (collectively and individually) were negligent in training, hiring and supervising its Police Officers. Additionally, Defendants are liable to the Plaintiffs for encouraging such civil rights violations and in failing to properly investigate and punish the actions of the Defendant police officers, among other things.

6. During all times relevant to this Complaint the Defendants, and each of them, separately and in concert, engaged in acts or omissions which constituted deprivation of the constitutional rights, privileges and immunities of the Plaintiff, and while these acts were carried out under color of law, they had no justification or excuse in law and were instead gratuitous, illegal, improper and unrelated to any activity in which law enforcement officers may appropriately and legally engage in the course of protecting persons and property or ensuring civil order.

7. During all times relevant to this Complaint, the Defendants, and each of them, had the power and the duty to restrain the other Defendants and prevent them from violating the law and the rights of the Plaintiff, but each of the Defendants failed and refused to perform that duty, failed and refused to restrain the other Defendants and thereby became a party to the unnecessary subjection of harm and denial of basic rights of the Plaintiffs.

8. As a result of Defendants' actions (or lack thereof), Plaintiff, YOULANDA DUARTES,

2

incurred significant cost and expenses, including but not limited to: legal fees/costs, medical bills/costs, and other expenses and sustained severe damages, physical and emotional injuries, including, but not limited to, injury to her mental health, violation of civil rights, permanent damage to her body, loss of freedom, loss of support, humiliated, shamed, embarrassed, made to lose her freedom, extreme mental and emotional harm and stress, and impairment of earning power and other injuries not yet fully ascertained.

9.     On or about September 29, 2006,  Plaintiff served and/or filed a Notice of Claim on Municipal Defendants  COUNTY OF NASSAU, and NASSAU COUNTY POLICE DEPARTMENT in accordance with New York State's *General Municipal Law* § 50-e.

10.     Thereafter, on February 22, 2007, Municipal Defendants conducted a hearing and/or examination of YOULANDA DUARTES at the Nassau County Attorney's Office pursuant to New York State's *General Municipal Law* § 50-h.

11.     Accordingly, Plaintiff has satisfied the necessary jurisdictional prerequisites before filing the instant Complaint.

### JURISDICTION AND VENUE

12.     The jurisdiction of this Court is invoked under 28 U.S.C.  §§ 1331 and 1343.

13.     This Court is requested to exercise supplemental jurisdiction with respect to Plaintiff's State Law claims pursuant to 28 U.S.C. § 1367.

14.     Venue in the Eastern District of New York is proper under 28 U.S.C. § 1391, based on the fact that Plaintiff resides in Nassau County. Furthermore,  the place where the events and violations herein alleged occurred was in the Town of Roslyn, Nassau County.

### PARTIES

15.     During all times relevant to this Complaint, the Plaintiff,  YOULANDA DUARTES, is an African-American paraplegic female, who was  and still is a citizen of the United States, residing in the County of Nassau, State of New York.

16.     The Defendant COUNTY OF NASSAU (hereinafter "COUNTY") is a duly constituted municipal corporation of the State of New York and is and was the employer of POLICE OFFICER

3

"LAKE" and certain of the unnamed police officers, OFFICERS JOHN DOES 1-10, and other personnel.

17.    That Defendant NASSAU COUNTY POLICE DEPARTMENT (hereinafter"POLICE DEPARTMENT") was and is a duly constituted municipal corporation of the State of New York and is and was the employer of POLICE OFFICER "LAKE" and certain of the unnamed police officers, OFFICERS JOHN DOES 1-10, and other personnel (John Does 1-10).

18.    That Defendant POLICE OFFICER "LAKE" (hereinafter "LAKE") is at all times herein mentioned, a Police Officer employed by the COUNTY, and was acting in furtherance of the scope of his employment, acting under color of statutes, ordinances, regulations, policies, customs, and usages of the State of New York and/or COUNTY, and acting in his individual and official capacity.

19.    That defendants POLICE OFFICERS "JOHN DOES 1-10" (hereinafter "OFFICERS JOHN DOES" ) at all times herein mentioned, Officers employed by the COUNTY under the direction of the POLICE DEPARTMENT and COUNTY and was acting in furtherance of the scope of his/her employment, acting under color of statutes, ordinances, regulations, policies, customs, and usages of the State of New York and/or COUNTY, and acting in his individual and official capacity.

## FACTUAL ALLEGATIONS

20.    Plaintiff, YOULANDA DUARTES, reiterates and realleges each and every allegation contained in paragraphs 1 through 17 of this Complaint with the same force and effect as though set forth herein.

21.    On July 18, 2006, on the corner of Donald Street and Linden Court, Roslyn, New York, County of Nassau at or about 7:30 - 8:00 p.m., Police Officers of the Nassau County Police Department's 6th Precinct arrested and/or detained Ms. Duartes' 13 year-old daughter and was holding her daughter in a police car located at the aforementioned scene. Plaintiff, YOULANDA DUARTES, got word of the arrest and proceeded to the scene to get information regarding same.

20.    Upon arriving at the scene and identifying herself as the mother of the minor that was being detained, Plaintiff, YOULANDA DUARTES, was prevented from speaking with the arresting officers, by other officers of the POLICE DEPARTMENT. As Ms. Duartes proceeded to attempt to

4

speak with the Police regarding her thirteen (13) year old daughter's arrest, an officer identified as Defendant LAKE intentionally placed his left foot in front of the right front wheel of Ms. Duartes' wheel-chair in order to prevent her from speaking with the arresting officers. Ms. Duartes' wheelchair was caused to fall forward.

21.     As a result of this excessive force by Defendant LAKE, Plaintiff, who was born without legs, was caused to be violently propelled to the ground over the left side of her wheelchair. In order to break her fall, Ms. Duartes was forced to place both of her arms/hands forward. As a result, Ms. Duartes landed on her left side and sustained injuries to her elbows and shoulders.

22.     Upon landing on the ground, Plaintiff, YOULANDA DUARTES, was not aware of the location of her wheelchair and requested assistance. Ms. Duartes was not aided in locating her wheelchair nor was she assisted into her wheelchair by the Officers despite her numerous requests. Upon information and belief, Ms. Duartes was intentionally left on the ground for approximately 10 to 15 minutes. In fact, one of the Defendant LAKE advised Plaintiff that he was going " to leave her there until the 'bus' comes". Ms. Duartes had to call emergency (911) from *her own cell phone.* When Ms. Duartes was able to gather enough physical strength, she then attempted to crawl towards her daughter, at which time, Defendant OFFICERS JOHN DOES threatened to arrest her if she passed a certain point.

23.     Once her daughter was taken away in the Police car, Plaintiff was not assisted into her chair or offered assistance from the Police. Rather, the Officers continued to prevent her from getting information about her daughter. In that regard, Plaintiff noticed over ten (10) Police Officers aggressively moving towards her as she lay on the ground, as well as a helicopter circling overhead. Plaintiff was in fear for her safety and attempted to maneuver her way around and through the legs of several police officers. Defendant OFFICERS JOHN DOES deliberately disregarded Plaintiff's safety and medical needs.

24.     Plaintiff, YOULANDA DUARTES, crawled back to her wheelchair (*without assistance*) and placed herself back into the wheelchair (*without assistance*). An ambulance arrived for Ms. Duartes. However, Ms. Duartes advised a female Police Officer that she still wanted to go to the Precint to obtain information about her daughter before she went to the hospital. In response to this

5

request, the police/ambulance wrote on their paperwork that Ms. Duartes "refused" medical assistance. This assertion was false.

25.   Plaintiff , YOULANDA DUARTES,  sustained multiple damages including, but not limited, to cuts, scrapes, bruises, soreness, pain, embarrassment, humiliation, fear, anger, depression and other emotional/mental injuries due to the Defendants violations of her various right, civil rights, and constitutional rights.

## AS AND FOR A FIRST COUNT
## 42 U.S.C. § 1983 (against all Defendants)

26.   The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 25 of this Complaint with the same force and effect as though fully set forth herein.

27.   The Defendants, their agents, employees and servants, had no justifiable cause to stop, seize, and wrongfully detain Plaintiff,  YOULANDA DUARTES,  against her expressed will.

28.   Upon information and belief, an arrest was being made of Plaintiff,  YOULANDA DUARTES', daughter was for an alleged violation (as opposed to a crime) that was allegedly committed by Ms. Duartes' daughter at the time that Plaintiff questioned Defendant POLICE OFFICERS about the circumstances surrounding the arrest.

29.   While exercising her First Amendment Right to free speech, Defendant POLICE OFFICERS violated Plaintiff, YOULANDA DUARTES' First Amendment Rights when Defendants sought to chill Plaintiff's freedom of speech by excessive force. Defendant LAKE intentionally placed his left foot in front of the right front wheel of Ms. Duartes' wheel-chair in order to prevent Ms. Duartes from speaking with the arresting officers, causing Ms. Duartes to fall forward.

30.   This excessive force used by Defendant LAKE against Plaintiff, YOULANDA DUARTES – who was born without legs – caused her to be violently propelled to the ground over the left side of her wheelchair. In order to break her fall, Plaintiff  was forced to place both of her arms/hands forward. Ms. Duartes  landed on her left side and sustained injuries to her elbows and shoulders.

31.   Defendant LAKE made no reasonable attempt to stop Plaintiff, YOULANDA DUARTES,  from violently falling to the ground and injuring herself. Instead, Defendant LAKE

subjected Ms. Duartes to summary punishment without due process under the Fourteenth Amendment by leaving Plaintiff on the ground with no way to get back into her wheelchair.

32.     Defendant LAKE, his agents, employees and servants, had no justifiable cause to seize Plaintiff, YOULANDA DUARTE, a seizure which occurred when she was left immobilized on the ground.

33. Plaintiff, YOULANDA DUARTES continuously requested assistance of Defendant LAKE and the other Defendant OFFICERS JOHN DOES, however these pleas for help were ignored. Plaintiff, was intentionally left on the ground for approximately 10 to 15 minutes, all while she was suffering form the injuries caused by her violent contact with the concrete.

34.     Defendant OFFICERS JOHN DOES, who were present throughout this entire ordeal, and also ignored Plaintiff's numerous requests for help, breached their duty to Ms. DUARTES as they failed to intercede on behalf of Plaintiff when her constitutional rights were being violated.

35.     Plaintiff, YOULANDA DUARTES, was left helpless on the ground, leaving her no choice but to call emergency (911) from *her own cell phone*. In an effort to seek help, and out of concern for her daughter, Ms. Duartes then attempted to crawl to her daughter. Once again, Ms. Duartes was not assisted by Defendant LAKE or the other Defendant OFFICERS JOHN DOES.

36.     Rather, Defendant LAKE and/or the other Defendant OFFICERS JOHN DOES continued to prevent Plaintiff, YOULANDA DUARTES, from reaching her daughter or getting information about her daughter. Ms. Duartes then crawled back to her wheelchair (*without assistance*) and placed herself back into the wheelchair (*without assistance*).

37.     Plaintiff's unlawful seizure was a result of Defendant LAKE and Defendant OFFICERS JOHN DOES deliberate indifference to Plaintiff's safety and medical needs.

38.     Shortly after Plaintiff, YOULANDA DUARTES called the Police on her own, and assisted herself back into her wheelchair, an ambulance arrived for Plaintiff. Plaintiff advised the Police that she still wanted to find out about her daughter before she got into the ambulance. Once again, in an effort to thwart Ms. Duartes' First Amendment rights to freedom of speech, Defendant POLICE OFFICERS summarily punished Plaintiff by stating that Plaintiff, Ms. Duartes "refused" medical

assistance.

39.    The wrongful stop, search, seizure, harassment, assault, battery, abuse of authority, abuse of process, threats and other wrongful acts conducted against Plaintiff, YOULANDA DUARTES, by the collective Defendants, their agents, employees and servants, were committed under color of law, customs, and statutes of the State of New York.

40.    Under color of law, the Defendants, their agents, employees and servants deprived the Plaintiff, YOULANDA DUARTES of her First, Fourth, Fifth, and Fourteenth Amendment rights to protection from unlawful seizure, Equal Protection and Due Process.

41.    Furthermore, the Defendants' wrongful actions in refusing to conduct a proper investigation into Plaintiff, YOULANDA DUARTES', complaints and concerns and refusing to speak to Plaintiff, or allow her to speak for that matter, was an attempt to cover up the wrongful stop, seizure, harassment, assault, battery, abuse of authority, abuse of process, threats and other wrongful acts which was inflicted by the Defendants against Ms. Duartes.

42.    The wrongful stop, seizure, harassment, assault, battery, abuse of authority, abuse of process, threats, negligent, grossly negligent, and other wrongful acts constitutes a violation of Plaintiff, YOULANDA DUARTES' rights, secured by the Fourth Amendment to the United States Constitution, to be free from unreasonable searches and seizures. Such actions were negligent, grossly negligent, reckless, unreasonable and unauthorized, as the Defendants had a duty not to subject Plaintiff, to wrongful stops, seizures, trespasses, harassment, assault, battery, abuse of authority, abuse of process, threats and other wrongful acts.

43.    The Defendants, their agents, employees and servants acted under color of law to deny Plaintiff, YOULANDA DUARTES of her constitutional rights to due process and freedom from unreasonable seizure, by wrongfully stopping, seizing, harassing, assaulting, battering, abusing authority, abusing process, threatening and violating other due process guarantees secured to Ms. Duartes by the Fifth and Fourteenth Amendments of the United States Constitution.

44.    Such abuse of process was continued by the Defendants, their agents, servants and employees in their refusal to adequately investigate the actions of the Defendant Officers and by

8

intentionally failing to properly review and investigate the actions of defendant officers and officials for their actions against the Plaintiff, YOULANDA DUARTES.

45.     Such abuse of process was continued by the defendants, their agents, servants and employees in their refusal to adequately investigate the actions of the Defendant Officers and by intentionally failing to properly review and investigate the actions of defendant officers and officials while attempting to justify and cover-up the Defendant officer's wrongful acts.

46.     As a consequence of Defendants' wrongful actions, negligent/grossly negligent behavior, and violation of State and Federal laws, Plaintiff, YOULANDA DUARTES was subject to great physical mental and emotional harm; was made to suffer great pain and suffering; was subjected to great fear, terror,  personal humiliation and degradation; and continues to suffer pain and mental and emotional distress as a result of the aforesaid unlawful conduct of Defendants, their agents, employees, and servants.

47.     In addition, Plaintiff (who is elderly) has been forced to believe that she is not protected and/or cannot go to the Defendant POLICE DEPARTMENT in the event that she requires police protection/service/assistance.

48.     That by reason of the foregoing, Plaintiff has been damaged in the sum of Two Million ($2,000,000.00) dollars

**AS AND FOR A SECOND COUNT**
**42 U.S.C. § 1983**
**Municipal Liability**
**(Against Defendants COUNTY and POLICE DEPARTMENT)**

49.     The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 48 of this complaint with the same force and effect as though fully set forth herein.

50.     In actively inflicting and failing to prevent the above stated abuses incurred by Plaintiff, the Defendants acted unreasonably, recklessly, grossly negligent, and negligently in failing to exercise the slightest amount of due care to secure and protect the civil and constitutional rights of Plaintiff, YOULANDA DUARTES against seizure, physical abuse and other due process violations.  Said rights are guaranteed to Plaintiff, YOULANDA DUARTES by 42 U.S.C. §§ 1983, 1985, and by the Fourth, Fifth, and Fourteenth Amendment of the Constitution.

9

51.   Both before and after July 18, 2006, the COUNTY and POLICE DEPARTMENT have permitted, tolerated and encouraged a pattern and practice of unjustified, unreasonable and illegal abuses of Black persons (including Plaintiff, YOULANDA DUARTES ) by its Police Officers.

52.   Although such police conduct was improper, said incidents were covered up by the COUNTY and POLICE DEPARTMENT  its agents, employees and servants, including Defendant LAKE by official claims that the officers' apparent wrongful actions were justified and proper and by using false statements and other false evidence to sustain their otherwise unsupportable justification(s).

53.   Said charges and official claims have been fully backed by the COUNTY and POLICE DEPARTMENT , which has repeatedly and  unreasonably sided with the abuse of persons so effected in nearly all cases, despite vast evidence of wrongdoing (and prior negligent/grossly negligent actions) by its officers against minority persons, including Plaintiff herein.

54.   Additionally, the COUNTY and POLICE DEPARTMENT has systematically failed to identify the improper abuse, misuse, violative acts and brutality by police officers and officials, while further failing to subject such officers and officials to discipline, closer supervision, or restraint.

55.   Upon information and belief, specific systemic flaws in the COUNTY and POLICE DEPARTMENT's misconduct review process include but are not limited to the following:

a. Preparing reports regarding investigations of unwarranted incidents as routine point-by-point justification of the police officers actions regardless of whether such actions are justified;

b. Police officers investigating incidents systematically fail to credit testimony by non-police officer witnesses and uncritically rely on reports by police officers involved in the incident;

c. Police officers investigating incidents fail to include in their reports relevant factual information which would tend to contradict the statements of the police officer involved;

d. Supervisory police officers exonerate police officers for misconduct and abuse of process before the investigation of the incident by the police department has been completed;

e. Reports in brutality cases are not reviewed for accuracy by supervisory officers. Conclusions are frequently permitted to be drawn on the basis of clearly incorrect or contradictory information.

f.  hastily accepting the polices' above- as provided information from police reports

10

regarding abuses and civil rights infringements, despite strong evidence to suggest that the police reports are inaccurate, untruthful, and meant to conceal blatant police misconduct.

56.     Said cover-up by the Defendants COUNTY and POLICE DEPARTMENT, was executed in this case, where the Defendant, its agents, employees and servants failed to sufficiently investigate the complaint and concerns of a citizen, but instead acted under color of statute to knowingly, recklessly and/or negligently impose false facts and statements against Plaintiff.

57.     By permitting and assisting such a pattern of police misconduct, the Defendants, COUNTY acted under color of custom and policy to condone, encourage and promote the deprivation of Plaintiff's Fourth, Fifth and Fourteenth Amendment rights; to wit the Defendants POLICE DEPARTMENT, OFFICER LAKE and JOHN DOE OFFICERS were encouraged by the COUNTY to believe that their actions against the Plaintiff would be accepted without impunity, just as these actions have been so accepted to date.

58.     As a consequence of the Defendants COUNTY's systemic practice, pattern, and custom of intentionally promoting and supporting officers' and official violations of 42 U.S.C. § 1983, Plaintiff was deprived of her freedom, intruded upon, and physically and emotionally harmed, to the extent of which she suffered sleeplessness, anxiety, insomnia, stress and related emotional distress, which required and still requires medical attention.

59.     As a proximate cause of the collective COUNTY and POLICE DEPARTMENT's custom and policy of supporting and effectively promoting the very same police abuses which occurred against Plaintiff, said plaintiff was subjected to great fear, personal humiliation and degradation, with wanton disregard for the serious harm and damage done to the physical and emotional well being of the Plaintiff.

60.     In addition, Plaintiff (who is elderly) has been forced to believe that she is not protected and/or cannot go to the POLICE DEPARTMENT in the event that she requires police protection/service/assistance.

61.     That by reason of the foregoing, Plaintiff has been damaged in the sum of Two Million ($2,000,000.00) dollars.

11

## AND AS FOR A THIRD COUNT
## 42 U.S.C. § 1983 ALTERNATE LIABILITY OF
## DEFENDANT COUNTY and POLICE DEPARTMENT

62.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 61 of this Complaint with the same force and effect as though fully set forth herein.

63.     Defendants COUNTY and POLICE DEPARTMENT lacked any cause to stop, seize, harass, assault, batter, abuse authority, abuse process, and/or threaten Ms. Duartes.

64.     Defendants COUNTY and POLICE DEPARTMENT are thus directly liable for the constitutional violations that Plaintiff YOULANDA DUARTES suffered, in that Defendants COUNTY and POLICE DEPARTMENT, hired and retained officers and detectives who, acting within the course and scope of power and authority conveyed to the officers and detectives by Defendants COUNTY and POLICE DEPARTMENT , violated the constitutional rights of Plaintiff.

65.     Plaintiff acknowledges that Respondeat Superior is not now a basis for COUNTY and POLICE DEPARTMENT's liability under existing law.  Plaintiff submits that there exists a good faith argument for the modification of that rule based on the dissenting opinion of Justice Breyer in <u>Board of County Commissioners of Bryan County, Oklahoma v. Jill Brown et al.</u>, 520 U.S. 397, 117 S.Ct. 1382 (1997), and based upon the literature addressing this issue.

66.     As a direct and proximate result of the aforesaid acts, omissions, systemic flaws, policies and customs of the defendants COUNTY and POLICE DEPARTMENT, and the other defendants unjustifiably mistreated and abused Plaintiff.  All of this was done in violation of the Plaintiff's civil and constitutional rights.

67.     All of these rights are secured to Plaintiff by the provisions of the Fourth Amendment, Sixth Amendment, the due process clause of the Fifth and Fourteenth Amendments to the Constitution of the United States and by 42 U.S.C. §§ 1983, 1985 and 1986 and the laws of the State of New York.

68.     Plaintiff has suffered and will continue to suffer from physical and psychological harm, humiliation, fear, and nervousness with respect to police authority.

69.     That by reason of the foregoing, Plaintiff has been placed in fear for her life/well-being. In addition, Plaintiff (who is elderly) has been forced to believe that she is not protected and/or cannot

12

go to the POLICE DEPARTMENT in the event that she requires police protection/service/assistance.

Accordingly, Plaintiff has been damaged in the sum of Two Million ($2,000,000.00) dollars .

**AS AND FOR A FOURTH COUNT**
**42 U.S.C. § 1985**
**(Against Defendants LAKE and OFFICERS JOHN DOES)**

70. The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 69 of this complaint with the same force and effect as though fully set forth herein.

71. Defendants LAKE and OFFICERS JOHN DOES, conspired to deprive Plaintiff of her First, Fourth, Fifth, and Fourteenth Amendment rights, and jointly caused such deprivation of rights by acting in concert to unlawfully stop, seize, harass, assault, batter, abuse authority, abuse process, and threaten Plaintiff (among other things) all on account of Plaintiff's race and/or color. Said Defendants were acting, not pursuant to established rules, laws and guidelines of the County of Nassau or the Nassau County Police Department, but pursuant to their own personal motives and purposes.

72. Upon information and belief, the Defendants LAKE and OFFICERS JOHN DOES, further deprived the Plaintiff of her due process rights; specifically by conspiring to chill Plaintiff's speech by imposing excessive force on Plaintiff and summarily punishing her without due process of law on account of her race.

73. Defendants LAKE and OFFICERS JOHN DOES, further denied the Plaintiff her Constitutional rights via a conspiracy to cover the misconduct of said officers and officials and their wrongful acts, based on Plaintiffs race and color.

74. In furtherance of said conspiracy, the Defendant officers prolonged Plaintiff's suffering all the while refusing to assist her into wheelchair to ensure her safety and tend to her medical needs.

75. Said actions by Defendants LAKE and OFFICERS JOHN DOES, denied the Plaintiff her Due Process, and denied her the equal protection under the law. All of these rights are guaranteed to the Plaintiff under the constitution.

76. By assisting in the unlawful stop, seizure, harassment, assault, battery, abuse of authority, abuse of process, and threats made against Plaintiff, Defendants LAKE and OFFICERS JOHN DOES, acted in concert and with the shared purpose of denying Plaintiff her rights from unlawful

13

search/seizure, procedural and substantive due process, and the right to equal protection under the laws. These rights are guaranteed to the Plaintiff under the First, Fourth, Fifth, and Fourteenth Amendments, as well as under 42 U.S.C. §§ 's 1983, 1985, and 1986.

77.    As a result of said conspiracy by the Defendants LAKE and OFFICERS JOHN DOES, the plaintiff has been subjected to great physical harm, severe humiliation, anxiety, fear, and emotional/psychological harm.

78.    That by reason of the foregoing, Plaintiff has been damaged in the sum of Two Million ($2,000,000.00) dollars.

### AS AND FOR A FIFTH COUNT
### 42 U.S.C. § 1986
### (Against All Defendants)

79.  The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 78 of this complaint with the same force and effect as though fully set forth herein.

80.    The unlawful stop, seizure, harassment, assault, battery, abuse of authority, abuse of process, threats and other wrongful acts conducted against the Plaintiff by the Defendants COUNTY, POLICE DEPARTMENT, LAKE, and OFFICERS JOHN DOES, in their individual and official capacity, through their agents and employees, constituted abuse of process, abuse of authority, breach of police procedures, violations of state and federal laws and violations of the plaintiff's First, Fourth, Fifth, and Fourteenth Amendment rights.

81.    The Defendant Officers negligently, recklessly, and/or intentionally breached their duty under 42 U.S.C. §1986 to prevent the commission of the civil rights violations perpetrated against plaintiff, including violations of 42 U.S.C. §§1981,  1983, 1985 and 1986, and substantive and procedural due process infractions.

82.    The Defendants, and each of them, knew or should have known that the stop, search, seizure, trespass, harassment, assault, battery, abuse of authority, abuse of process, threats and other wrongful acts committed against Plaintiff violated the plaintiff's rights, guaranteed to her under the Fourth, Fifth, and Fourteenth Amendments and 42 U.S.C. §§1981, 1983, 1985 and 1986.

83.    Each of the said Defendants had the authority, ability and concurrent duty under 42

14

U.S.C. § 1986 to prevent the stop, search, seizure, trespass, harassment, assault, battery, abuse of authority, abuse of process, threats and other wrongful acts against Plaintiff, yet neglected to prevent said violations from occurring, and further failed to intervene to protect or aid the plaintiff when such violations did in fact occur.

84.     The Defendants and each of their failures to stop, prevent, investigate, and/or remedy these wrongful, negligent and/or grossly negligent  actions constitutes a breach of their duty to do so under U.S.C. § 1986.

85.     Said Defendants (individually and collectively) had the power to prevent the continued due process violations against plaintiff, yet had failed to prevent or protect the plaintiff from unwarranted, potential, and actual harm(s) she suffered..

86.     The exoneration of and refusal to discipline the defendant officers and detectives for their misconduct against plaintiff is neglectful of their duty to prevent the further violation of plaintiff's right to compensation under 42 U.S.C. §§1981, 1983, 1985 and 1986.

87.     As a result of the failure of the collective defendants to prevent the known violations stated above, the plaintiff has suffered physical harm, extreme fear, personal humiliation and degradation, emotional and psychological harm to the detriment of her health.

88.     By reason of the foregoing, Plaintiff has been damaged in the sum of Two Million ($2,000,000.00) dollars.

<u>AS AND FOR A SIXTH COUNT</u>
<u>42 U.S.C. § 1981</u>

89.     The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 88 of this Complaint with the same force and effect as though fully set forth herein.

90.     Defendants COUNTY, POLICE DEPARTMENT, LAKE, and OFFICERS JOHN DOES, in their individual and official capacity, through their agents and employees, deprived Plaintiff of her right to the full and equal benefit of all laws and proceedings; the same rights as enjoyed by white citizens. Defendants, and each of them jointly caused such deprivation of rights by acting in concert to wrongfully stop, search, seizure, trespass, harassment, assault, battery, abuse of authority, abuse of process, threats and other wrongful acts against as described above in paragraphs 1  through 25 of this

Complaint. Said acts were motivated by Plaintiff's race and color, and were marked by the conduct of Defendants to support the motivation.

91. Upon information and belief, the Defendants COUNTY, POLICE DEPARTMENT, LAKE, and OFFICERS JOHN DOES, in their individual and official capacity, through their agents and employees, further deprived the plaintiff of her due process rights; specifically by prolonging Plaintiff's unlawful captivity, detainment and seizure without probable cause, investigation, rule of law and by further denying the Plaintiff her from being compensated for her wrongful captivity, detainment, and other physical and emotional harm incurred.

92. In furtherance of said discrimination, the Defendant officers prolonged the Plaintiff's captivity by ignoring her numerous pleas for assistance and requests about her daughter's well-being.

93. Said actions by Defendants, and each of them, denied the Plaintiff her Due Process, and denied her the equal protection under the law. All of these rights are guaranteed to the Plaintiff under of the United States Constitution. Said acts were motivated by race and color, and were marked by the conduct of Defendants to support the motivation.

94. By assisting in the prolonged detainment and Plaintiff, Defendants COUNTY, POLICE DEPARTMENT, LAKE, and OFFICERS JOHN DOES, in their individual and official capacity, through their agents and employees, acted in concert and with the shared purpose of denying Plaintiff his rights to freedom of movement, protection from unlawful seizure, procedural and substantive due process, and the right to equal protection under the laws. These rights are guaranteed to the Plaintiff under the United States Constitution.

95. As a result of said conspiracy by the Defendants COUNTY, POLICE DEPARTMENT, LAKE, and OFFICERS JOHN DOES, in their individual and official capacity, through their agents and employees, the Plaintiff has been subjected to excruciating pain and permanent physical injuries.

96. Plaintiff further suffered severe humiliation, anxiety, fear, and emotional and psychological harm, as a direct result of being publicly detained, all without the comfort of her family.

97. That by reason of the foregoing, Plaintiff has been damaged in the sum of Ten Million ($10,000,000.00) dollar.

16

## AS AND FOR A SEVENTH COUNT
## SECTION 504 OF THE REHABILITATION ACT OF 1973
## 29 U.S.C. §794

98.    The Plaintiff repeats and reiterates the allegations set forth in paragraphs 1 through 97, with the same force and effect as though fully set forth herein.

99.    Defendants and each of them,  subjected the Plaintiff to unlawful detention and seizure and denial of assistance to Plaintiff to ensure her safety and medical needs, all in an attempt to harm, discourage and prevent Plaintiff, a disabled person suffering from multiple disabilities including, but not limited to, paraplegia and other medical issues.  No such obstacles were placed before others who were not disabled and attempting to exercise their right to free speech

100.    In denying Plaintiff's request for assistance, the Defendants engaged  in actions which were discriminatory as each and every accommodations requested by Plaintiffs was reasonable and would not place and undue burden on each of the Defendants and would not have required any of them to expend or incur cost which would be over burdensome.

101.    In refusing to render assistance to Plaintiff, the Defendants created a discriminatory practice.  Defendants denied Plaintiff the right to exercise her free speech, intentionally and forcefully prevented her from exercising her constitutional rights, and were deliberately indifferent to Plaintiff's safety and medical needs.

102.    The Defendants' discriminatory practices and denial of assistance was based on Plaintiff's disability and race and color, despite the glaringly obvious special need for accommodations evident to each of the Defendants.

103.    The above acts and the accompanying discriminatory motivation for them violate Section 504 of the Rehabilitation Act of 1973.

104.    As a result of said violations, wrongful and intentional acts, Plaintiff has suffered economic and emotional damages.  At all times relevant to this complaint, because of Defendants' deliberate denial of Plaintiff's for accommodation and requests for assistance was a denial of her constitutional rights.  Plaintiff also incurred unforeseeable expenses, including medical expenses and attorney's fees. Defendants' actions sorely frustrate Plaintiff and caused to divert significant resources

17

to address these wrongful actions.

105.     As a direct result of said violations, Plaintiff has further suffered, among other injuries, tremendous emotional distress, embarrassment, humiliation, inconvenience, economic losses, anxiety, and frustration. By reason of the foregoing, Plaintiffs have been damaged in the sum of Five Million ($5,000,000.00) dollars plus punitive damages costs and fees.

**AS AND FOR THE EIGHTH COUNT**
**AMERICAN WITH DISABILITIES ACT**
**42 U.S.C. §12101 et. seq.**

106.     Plaintiff repeats and reiterates the allegations set forth in paragraphs 1 through 105, inclusive of this Complaint with the same force and effect as though herein fully set forth.

107.     Defendants discriminated against Plaintiff on the basis of her disability by refusing to provide Plaintiff with a reasonable accommodation in violation of the Americans with Disabilities Act.

108.     Defendants were aware that Plaintiff suffered from a physical disability that substantially limited one or more of Plaintiff's major life functions, as it was glaringly obvious. With the proper accommodations, Plaintiff would have been able to ensure her own safety and get back to her own chair.

109.     Although Plaintiff made Defendants aware of her disability, and requested reasonable accommodations, Defendants refused to comply with Plaintiff's request and continued to discriminate against Plaintiff requiring that she remain in an unsafe environment that had the potential to be life-threatening until she gathered enough strength to crawl back to her wheelchair.

110.     When Defendants refused to accommodate Plaintiff, and provide her with assistance, Defendants acted intentionally and with malice and reckless disregard to Plaintiff's federally protected rights.

111.     As a result of the Defendants' discriminatory acts, Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages, as well as damages for mental anguish and humiliation, and that Plaintiff is entitled to damages sustained to date and continuing in excess of the amount of Two Million ($2,000,000.00) dollars, as well as punitive damages, costs and attorneys fees.

## AS AND FOR A NINTH COUNT
## ASSAULT

112.   The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 111 of this Complaint with the same force and effect as though fully set forth herein.

113.   As Plaintiff, YOULANDA DUARTES proceeded to attempt to speak with the Police regarding her thirteen  (13) year old daughter's arrest, an officer identified as Defendant LAKE intentionally placed his left foot in front of the right front wheel of Plaintiff's wheel-chair in order to prevent Plaintiff from speaking with the arresting officers. Plaintiff, YOULANDA DUARTES' wheelchair was caused to fall forward and Plaintiff was violently propelled to the ground.

114.   Furthermore, Defendant LAKE and the other Defendant OFFICERS JOHN DOES threatened her with arrest if she crawled past a certain point and then approached Plaintiff, YOULANDA DUARTES in a quick and violent manner with the intent to cause a reasonable apprehension of fear of imminent injury.

115.   One of the Defendant OFFICERS JOHN DOES proclaimed to Plaintiff, YOULANDA DUARTES, that she would be left on the ground "until the 'bus' comes".

116.   Defendant LAKE and the other Defendant OFFICERS JOHN DOES' actions, threats, and aggressive tone of voice caused Plaintiff, YOULANDA DUARTES to fear for her safety and placed Plaintiff in apprehension of imminent harmful and offensive contact, as she reasonably believed that the Defendant Officer could have and was going to trample her and physically injure her.

117.   Defendant LAKE and the other Defendant OFFICERS JOHN DOES through their described actions, intended to cause Plaintiff  to become fearful that Defendant LAKE and the other Defendant OFFICERS JOHN DOES was about to cause harmful and offensive contact to Plaintiff.

118.   Defendant LAKE and the other Defendant OFFICERS JOHN DOES had the real and apparent ability to bring about harmful and offensive contact to Plaintiff, YOULANDA DUARTES and intended to make sure that Plaintiff was aware of said ability when they violently and aggressively approached Plaintiff, YOULANDA DUARTES and threatened to leave her helpless on the ground with no assistance.

119.     Defendant LAKE and the other Defendant OFFICERS JOHN DOES' menacing and threatening acts and/or gestures did in fact cause Plaintiff, YOULANDA DUARTES to believe that a harmful and offensive bodily contact was about to occur.

120.     As a result of Defendant LAKE and the other Defendant OFFICERS JOHN DOES menacing and threatening acts and/or gestures, Plaintiff, YOULANDA DUARTES was cause to suffer physical and emotional/psychological injuries including, but not limited to nerve damage, tendon tear, and severe pain in the elbow neck and shoulder, which continues to date.

121.     By reason of the foregoing, Plaintiff has been damaged in the sum of One Million ($1,000,000.00) dollars.

## AS AND FOR A TENTH COUNT
### BATTERY

122.     The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 121 of this Complaint with the same force and effect as though fully set forth herein.

123.     While Defendant LAKE attempted to chill Plaintiff's right to free speech, Defendant LAKE, against her will and without her consent, caused Plaintiff to violently fall to the ground by intentional making contact with the wheelchair.

124.     Despite Plaintiff YOULANDA DUARTES' clear expression of dissent and lack of consent, and constant pleas for help, Defendant LAKE and the other Defendant OFFICERS JOHN DOES left Plaintiff on the ground, threatened to arrest Plaintiff, refused to aid her in getting back to her wheelchair and attempted to instill fear in Plaintiff.

125.     While attempting to chill her speech, Defendant LAKE intentionally and maliciously caused a violent/offensive bodily contact when he placed his foot in front of Plaintiff YOULANDA DUARTES' wheelchair causing her to be propelled to the ground.

126.     Defendant LAKE lacked cause and/or authority to engage in such contact with Plaintiff.

127.     Plaintiff YOULANDA DUARTES did not provide consent to Defendant LAKE to place an obstruction and/or violently touch the wheelchair of Plaintiff.

128.     Defendant LAKE subjected Plaintiff YOULANDA DUARTES to violent and offensive bodily contact knowing, and with the intent, that such contact would offend Plaintiff YOULANDA DUARTES and could and/or would in fact cause harm/injury to Plaintiff, who is a disabled African-American woman.

129.     As a result of Defendant LAKE's aforementioned actions, Plaintiff YOULANDA DUARTES was caused to suffer physical and emotional/psychological injuries including, but not limited to nerve damage, tendon tear, sever pain and anguish and fear/intimidation, which continues to date.

130.     By reason of the foregoing, Plaintiff has been damaged in the sum of One Million ($1,000,000.00) dollars.

## AS AND FOR AN ELEVENTH COUNT
## NEGLIGENCE

131.     The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 130 of this Complaint with the same force and effect as though fully set forth herein.

163.     Defendants, collectively and individually, had an affirmative duty to follow and adhere to known and established procedure(s) regarding entries and searches, including but not limited to refraining from unlawful stops, seizures, harassment, assaults, battery, abuses of authority, abuses of process, threats and other wrongful acts that were committed against Plaintiff.

164.     Defendant LAKE and the other Defendant OFFICER JOHN DOES, had an affirmative duty to follow and adhere to known and established procedure(s) regarding entries and searches, including but not limited to refraining from unlawful stops, seizures, harassment, assaults, battery, abuses of authority, abuses of process, threats and other wrongful acts that were committed against Plaintiff.

165.     Defendant LAKE, who was the first Officer that Plaintiff communicated with related to her daughter's arrest, had an affirmative duty to respond to Plaintiff and provide her with information as she was the mother of the minor child. Defendant LAKE had a duty to prevent the abuse, assault and battery of Plaintiff in an effort to protect the public from police misconduct. Defendant COUNTY and

21

the other Defendant OFFICER JOHN DOES had a duty to investigate, discipline and/or recommend that the officers were disciplined in the event that a complete investigation revealed misconduct. Defendant LAKE and the other Defendant OFFICERS JOHN DOES had a duty to intercede on behalf of Plaintiff whose constitutional rights were being violated in the presence of Defendant OFFICERS JOHN DOES.

166.     Defendant LAKE and the other Defendant OFFICERS JOHN DOES breached their aforementioned duties by attempting to chill Plaintiff's right to free speech by assaulting and battering Plaintiff and by further failing to provide her with the assistance necessary to remove her from the unfortunate helpless predicament caused by Defendants.

167.     Defendants, were negligent and/or grossly negligent and further breached their duties in failing to use the slightest amount of due care in performing said warrant less, unlawful, and intrusive search.

168.     Defendants warrantless and intrusive seizure of Plaintiff was unreasonable as a matter of fact and prevailing constitutional law.

169.     Defendants, were negligent and/or grossly negligent and further breached their duties by subjecting Plaintiff to harmful and offensive physical contact and threats while performing their unlawful and intrusive seizure of Plaintiff's person.

170.     Defendants were negligent and/or grossly negligent and further breached their duties by failing to conduct a reasonable and fair investigation into Plaintiff YOULANDA DUARTES' complaints and the incident..

171.     Defendants breached their duties by failing to interview witnesses, then existing, which could have supported Plaintiff YOULANDA DUARTES' account of the event (or, perhaps the Defendant OFFICERS JOHN DOES' account) and provide the reviewers of the Defendant Officer's conduct with a full and adequate account.

172.     As a direct and proximate result of the Defendants' breach of their respective duties, Plaintiff was caused to suffer severe physical, psychological/emotional and monetary damage/injuries including but not limited to a nerve damage, tendon tears, fear, anxiety, stress, humiliation, intimidation, depression, medical fees/cost, and legal fees/costs. The aforementioned injuries were foreseeable by

Defendants and would not have been bourne by Plaintiff, but for the negligent actions of the Defendants, collectively and individually.

173.   By reason of the foregoing, Plaintiff has been damaged in the sum of One Million ($1,000,000.00) dollars.

**AS AND FOR A TWELFTH COUNT**
**NEGLIGENCE (VICARIOUS LIABILITY)**

174.   The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 173 of this Complaint with the same force and effect as though fully set forth herein.

175.   At all times relevant to this complaint, Defendant LAKE and the other Defendant OFFICERS JOHN DOES were acting within the scope of their respective authorities and/or acting in furtherance of their duties as employees of Defendants COUNTY and POLICE DEPARTMENT.

176.   Defendants, collectively and individually, had an affirmative duty to follow and adhere to known and established procedure(s) regarding entries and searches, including but not limited to refraining from unlawful stops, searches, seizures, trespass, harassment, assaults, battery, abuses of authority, abuses of process, threats and other wrongful acts that were committed against Plaintiff.

177.   Defendant LAKE and the other Defendant OFFICERS JOHN DOES, had an affirmative duty to follow and adhere to known and established procedure(s) regarding entries and searches, including but not limited to refraining from unlawful stops, seizures,  harassment, assaults, battery, abuses of authority, abuses of process, threats and other wrongful acts that were committed against Plaintiff.

178.   Defendants had an affirmative duty to fully investigate the complaints of Plaintiff YOULANDA DUARTES, provide truthful information and reports pursuant to said investigation, and discipline/reprimand its officers in the event of police misconduct. Defendants had a duty to supervise its employees, agents and officers in the performance of their respective duties.

179.   Defendant LAKE and the other Defendant OFFICERS JOHN DOES breached their aforementioned duties by filing to provide assistance to Plaintiff despite her expressed requests for help.

180.   Defendants, were negligent and/or grossly negligent and further breached their duties

23

in failing to use the slightest amount of due care in performing said warrant less, unlawful, and intrusive seizure.

181.     Defendants' warrantless and intrusive seizure of Plaintiff was unreasonable as a matter of fact and prevailing constitutional law.

182.     Defendants, were negligent and/or grossly negligent and further breached their duties by subjecting Plaintiff to harmful and offensive physical contact and threats while performing their unlawful and intrusive seizure of Plaintiff's person.

183.     Defendants breached their duties in failing to use reasonable care with respect to conducting an adequate, truthful and unbiased investigation in to the complaint made by Plaintiff.

184.     All of the Defendant Officer's negligent, grossly negligent, reckless, unlawful, unreasonable, and intentional actions were performed while Defendants were engaged in their assigned duties. As such said actions were necessary and/or incidental to their employment(s).

185.     As a direct and proximate result of the Defendants' negligent/grossly negligent breach of their respective duties, Plaintiff was caused to suffer severe physical, psychological/emotional and monetary damage/injuries including but not limited to nerve damage, tendon tears, fear, anxiety, stress, humiliation, intimidation, depression, medical fees/cost, and legal fees/costs. The aforementioned injuries of Plaintiff were foreseeable by Defendants and would not have been bourne by Plaintiff, but for the negligent actions of the Defendants, collectively and individually.

186.     By reason of the foregoing, Plaintiff has been damaged in the sum of One Million ($1,000,000.00) dollars.

## AS AND FOR A THIRTEENTH COUNT
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Against Defendant LAKE and the other Defendant OFFICERS JOHN DOES )

187.     The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 186 of this Complaint with the same force and effect as though fully set forth herein.

188.     Defendants, by their collective actions as described above in paragraphs 1-186, demonstrated and exhibited a callous and indifferent disregard for the health, safety, and well being of

24

Plaintiff.

189.   In light of the surrounding circumstances, including Plaintiff's race and color and disability, Defendant's intentional, malicious, and/or grossly negligent actions (particularly the actions of Defendant LAKE) were extreme, outrageous, and/or calculated to cause harm to Plaintiff.

190.   As a direct and proximate result of the Defendants' actions, Plaintiff was caused to suffer severe physical, psychological/emotional and monetary damage/injuries including but not limited to nerve damage, tendon tears, fear, anxiety, stress, humiliation, intimidation, depression, medical fees/cost, and legal fees/costs, all of which were foreseeable by Defendants.

191.   By reason of the foregoing, Plaintiff has been damaged in the sum of One Million ($1,000,000.00) dollars.

## PUNITIVE DAMAGES

192.   That Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs 1 through 191 of this Complaint with the same force and effect as though fully set forth herein.

193.   The acts of the individual Defendant LAKE and the other Defendant OFFICERS JOHN DOES were willful, wanton, malicious and oppressive, grossly negligent, and were motivated solely by a desire to harm Plaintiff, without regard for Plaintiff's well being, and were based on a lack of concern and ill-will towards Plaintiff.   Such acts therefore deserve an award of Four Million ($4,000,000.00) dollars as punitive damages.

**WHEREFORE,** Plaintiff demands judgment against defendants:

a.   On the First Cause of Action in the sum of Two Million dollars ($2,000,000.00);

b.   On the Second Cause of Action in the sum of Two Million dollars ($2,000,000.00);

c.   On the Third Cause of Action in the sum of Two Million dollars ($2,000,000.00);

d.   On the Fourth Cause of Action in the sum of Two Million dollars ($2,000,000.00);

e.   On the Fifth Cause of Action in the sum of Two Million dollars ($2,000,000.00);

f.   On the Sixth Cause of Action in the sum of Ten Million dollars ($10,000,000.00);

g.   On the Seventh Cause of Action in the sum of Five Million dollars ($5,000,000.00);

h.   On the Eighth Cause of Action in the sum of Two Million dollars ($2,000,000.00);

i.     On the Ninth Cause of Action in the sum of One Million dollars ($1,000,000.00);

j.     On the Tenth Cause of Action in the sum of One Million dollars ($1,000,000.00);

k.     On the Eleventh Cause of Action in the sum of One Million dollars ($1,000,000.00);

l.     On the Twelfth Cause of Action in the sum of One Million dollars ($1,000,000.00);

m.     On the Thirteenth Cause of Action in the sum of One Million dollars ($1,000,000.00);

n.     Punitive damages in the amount of Four Million Dollars ($4,000,000.00);

o.     Declaratory Judgment that defendants wilfully violated plaintiffs' rights secured by federal and state law as alleged herein;

p.     Injunctive relief, requiring defendants to correct all past violations of federal and state law as alleged herein; to enjoin defendants from continuing to violate federal and state law as alleged herein; and to order such other injunctive relief as may be appropriate to prevent any future violations of said federal and state laws;

q.     An order granting such other legal and equitable relief as the court deems just and proper.

R.     Award costs of this action including attorney's fees to the plaintiff.

### A JURY TRIAL IS HEREBY DEMANDED.

Dated: Hempstead, New York
     July 18, 2007

Respectfully Submitted,

LAW OFFICES OF
FREDERICK K. BREWINGTON

By:     _____
FREDERICK K. BREWINGTON (FB 5295)
VALERIE M. CARTRIGHT (VC 0667)
*Attorneys for Plaintiff*
50 Clinton Street, Suite 501
Hempstead, New York 11561

26