UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
YOULANDA DUARTES,                                    Docket No.**:** 07-CV-2929
                                  Plaintiff,                    **(JS)(WDW)**


               - against -


COUNTY OF NASSAU, POLICE OFFICER LAKE, in
his individual and official capacity, OFFICERS
"JOHN DOES" 1-10, in their official and individual
capacity,

                              Defendants.
-----------------------------------------------------------------------X



# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS



                                        LAW OFFICES OF
                                        FREDERICK K. BREWINGTON
                                        *Attorneys for Plaintiff*
                                        50 Clinton Street, Suite 501
                                        Hempstead, New York 11550
                                        (516) 489-6959

                                        OF COUNSEL:
                                        FREDERICK K. BREWINGTON

# TABLE OF CONTENTS

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

PROCEDURAL HISTORY. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

    I.     PLAINTIFF HAS SET FORTH SPECIFIC FACTS AND
           CIRCUMSTANCES UNDER 42 U.S.C. §1983 THAT PROPERLY
           IDENTIFY A MUNICIPAL POLICY OR CUSTOM THAT CAUSED
           PLAINTIFF'S INJURIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    II.    PLAINTIFF'S §1983 AND FOURTH AMENDMENT CLAIMS MUST
           STAND BECAUSE PLAINTIFF HAS PLEADED SUFFICIENT
           FACTS TO SUPPORT HER CLAIMS . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

    III.   DEFENDANT LAKE IS NOT ENTITLED TO QUALIFIED IMMUNITY
           BECAUSE HIS ACTIONS, AS PLEAD IN THE AMENDED COMPLAINT,
           WERE OBJECTIVELY UNREASONABLE . . . . . . . . . . . . . . . . . . . . . . . . 11

    IV.   PLAINTIFF HAS SATISFIED THE FED.R.CIV.P. 8(a)(2) WITH
           RESPECT TO ASSAULT, BATTERY, NEGLIGENCE AND
           INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS . . . . . . . . . 13

           A.    <u>Plaintiff's Claims for Assault and Battery Properly State a Cause of
                  Action for Which Relief Can be Granted</u> . . . . . . . . . . . . . . . . . . . . . . .13

           B.    <u>Pleading Intentional Conduct along with Negligence in a Complaint is
                  Not Inconsistent</u> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

           C.    <u>All the Elements of Intentional Infliction of Emotional Distress Are
                  Properly Pleaded in Plaintiff's Amended Complaint</u> . . . . . . . . . . . . 16

    V.    IN THE EVENT THE COURT DISMISS ANY OF PLAINTIFF'S CLAIMS,
           PLAINTIFF IS SHOULD BE ENTITLED TO LEAVE TO AMEND THE
           COMPLAINT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

i    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .18

## **PRELIMINARY STATEMENT**

Plaintiff Youlanda Duartes, by and through her attorneys, The Law Offices of Frederick K. Brewington, submits the following Memorandum of Law in opposition to the Defendants' Motion to Dismiss the Amended Complaint pursuant to Federal Rules of Civil Procedure 12©). Plaintiff filed the within Amended Complaint against the Defendants, County of Nassau, Police Officer Lake, in his individual and official capacity, Officers "John Does" 1-10, in their individual and official capacities. Plaintiff brought an action for violations of Plaintiff's rights pursuant to 42 U.S.C. §1983 and the Fourth Amendment, Assault, Battery, Negligence, Intentional Infliction of Emotional Distress and Punitive Damages.

Defendants' Motion to Dismiss should be denied on all counts because the relevant case law, applicable to motions to dismiss, and the specific provisions of the Amended Complaint demonstrate that: (I) Plaintiff has adequately identified a policy or practice of the County of Nassau which caused Plaintiff's constitutional rights to be violated; (ii) Plaintiff's Fourteenth Amendment claims alleging Fourth Amendment violations, which are rights secured by the Fifth and Fourteenth Amendments, must stand; (iii) Defendant Lake is not entitled to the defense of qualified immunity because Defendant Lake's actions were objectively unreasonable and in any event, reading the facts as pleaded in the complaint, deciding the issue of reasonableness is premature and inappropriate at this time; and (v) Plaintiff's state law claims of assault, battery, negligence and intentional infliction of emotional distress must survive Defendants' motion to dismiss because Federal Rules of Civil Procedure Rule 8(a)(2) which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief", is fully satisfied.

Defendant Officer Lake has been sued herein in his individual and official capacity. See Defendants' Exhibit A. Defendants argue that an official capacity suit is to be treated as a suit

against the County.  If Defense counsel stipulates that Officer Lake's actions are fully adopted by

the County and that a suit against the County is to be treated the same as a suit against Officer Lake,

then Plaintiff will withdraw her claim against Officer Lake in his official capacity, without

prejudice, still maintaining Plaintiff's claims against him in his individual capacity.

## STATEMENT OF FACTS

For the sake of brevity, Plaintiff respectfully refers this Court to the factual allegations

contained in paragraphs 20-116 in Plaintiff's Amended Complaint attached as Exhibit "A" to

Defendants' Memorandum of Law.

## PROCEDURAL HISTORY

On or about September 29, 2006, Plaintiff timely served and/or filed a Notice of Claim on

the Municipal Defendants, the County of Nassau, and the Nassau County Police Department in

accordance with New York State's General Municipal Law §50-e.  On February 22, 2007, the

municipal Defendants conducted a hearing and/or examination of Plaintiff at the Nassau County

Attorney's Office pursuant to New York State's *General Municipal Law* § 50-h. Thereafter, an original

Complaint was timely filed in the Court and served on all Defendants.  Defendants moved to dismiss

Plaintiff's Complaint prior to filing any responsive pleading, and as such, Plaintiff chose to exercise

her right to file an Amended Complaint.  Accordingly, Defendants withdrew their Motion to Dismiss

the original Complaint.  On October 16, 2007, the Amended Complaint was filed and Defendants

County of Nassau and Officer Lake filed an Answer on November 9, 2007.  Thereafter, on January

15, 2008, the Defendants filed the instant Motion to Dismiss Plaintiff's Amended Complaint.

## STANDARD OF REVIEW

Courts evaluate a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12©)
under the same standard as a motion pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.
Nicholas v. Goord, 430 F.3d 652, 658 (2d Cir. 2005).  The Supreme Court has established that, in
a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the "allegations of the complaint should be
construed favorably to the pleader." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); See also Conley
v. Gibson, 355 U.S. 41, 45-6 (1957) (a motion to dismiss must be denied "unless it appears beyond
doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to
relief"). See also, Roniger v. McCall, 22 F.Supp. 2d 156, 160 (S.D.N.Y. 1998). Further, when
reviewing the sufficiency of a complaint, "[t]he issue is not whether a plaintiff will ultimately prevail
but whether the claimant is entitled to offer evidence to support the claims." *Scheuer*, 416 U.S. at
236. The Second Circuit follows this law. See, e.g., Ferran v. Town of Nassau, 11 F.3d 21, 22 (2nd
Cir. 1993); Atlantic Mutual Ins. Co. v. Balfor MacLaine Int'l, *Ltd.*, 968 F.2d 196, 198 (2nd Cir.
1992) (Court "must accept as true all material factual allegations in the complaint"). "This
cautionary standard applies with greater force where the Plaintiff alleges civil rights violations."
Roniger v. McCall, 57 F3d. 202,206 (2nd Cir 1995) [Emphasis added].  Applying the above standards
to both the Complaint and Plaintiff's (proposed) Amended Complaint, the defendants have clearly
failed to meet their legal burden under Fed. Rule Civ. Pro. 12(b)(6) – thus their motion to dismiss
must be denied.

Federal courts may not apply a "heightened pleading standard," more stringent than usual
pleading requirements of civil rule, in civil rights cases alleging municipal liability under §1983.
Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, et al., 507 U.S. 163,

113 S.Ct. 1160 (1993). The heightened pleading standard used in Rule 9(b) of the Federal Rules of Civil Procedure cannot be reconciled with the liberal system of "notice pleading" set forth in Rule 8(a)(2). Id. at 168.

## ARGUMENT

### POINT I

### PLAINTIFF HAS SET FORTH SPECIFIC FACTS AND CIRCUMSTANCES UNDER 42 U.S.C. §1983 THAT PROPERLY IDENTIFY A MUNICIPAL POLICY OR CUSTOM THAT CAUSED PLAINTIFF'S INJURIES

It is well settled that municipalities may be held liable under §1983 only when a constitutional deprivation is inflicted pursuant to a government's policy or custom. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91, 694 (1978). To set forth a cognizable claim for municipal liability in such an action, a plaintiff must plead and prove "(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of constitutional right." Clayton v. City of Poughkeepsie, 2007 WL 2154196 (S.D.N.Y. 2007) quoting Batista v. Rodriguez, 702 F.2d 393, 397 (2d Cir. 1983). However, plaintiff need not show that the municipality had an explicitly stated rule or regulation. DeCarlo v. Fry, 141 F.3d 56, 61 (2d Cir. 1998).

Plaintiff clearly plead in the Amended Complaint that the County actively inflicted and failed to prevent the harms suffered by Plaintiff "both before and after July 18, 2006", the date of the incident. Defendants' Exhibit A at ¶51-52. Plaintiff claims that the County "systematically failed to identify the improper abuse, misuse, violative acts and brutality by police officers and officials, while further failing to subject such officers and officials to discipline, closer supervision or restraint." Defendants' Exhibit A at ¶ 55. By the pleading the foregoing, it can be inferred that the

-4-

County failed to identify the wrongs repeatedly committed by their agents and continued to permit such wrongs to take place. The Second Circuit confirms this point in DeCarlo, stating "the inference that a policy existed may...be drawn from circumstantial proof, such as evidence that the municipality so failed to train its employees as to display a deliberate indifference to the constitutional rights of those within its jurisdiction, or evidence that the municipality had notice of but repeatedly failed to make any meaningful investigation into charges that its agents were violating citizen's constitutional rights." DeCarlo, 141 F.3d at 61-62.

The Amended Complaint further alleges systematic flaws regarding the municipality's review process. Defendants' Exhibit A at ¶56. Defendants claim Plaintiff's allegations are based on "sheer speculation" solely because Plaintiff plead §56 "upon information and belief." Defendants blatantly failed to address the other nine (9) paragraphs where Plaintiff adequately identified and established municipal liability. In those paragraphs, the following is pleaded: that Ms. Duartes' 13 year-old daughter was detained in a police car; that Ms. Duartes attempted to inquire about her minor child's arrest; that Ms. Duartes was prevented from speaking with the arresting officers; that Defendant Officer Lake placed his left foot in front of the right wheel of Ms. Duartes' wheel-chair causing her wheelchair to fall forward; that as a result of this excessive force by Defendant Lake, Plaintiff was caused to be violently propelled to the ground; that Ms. Duartes sustained injuries to her left side , elbows and shoulders; that Ms. Duartes was left on the ground for 10-15 minutes despite repeated requests for help; that Ms. Duartes placed herself, with no assistance back into her wheelchair; that she had to call 911 from her own cell phone; that the Defendant Officers threatened to arrest her if she crawled closer; that over ten police officers aggressively moved towards her as she lay on the ground; that Plaintiff was in fear for her safety and attempted to maneuver through

the legs of several officers; and that Plaintiff sustained multiple injuries, both psychological and physical. Defendants' Exhibit A at ¶¶21-27.

Notwithstanding, Defendants have failed to keep mindful that there is no heightened pleading requirements for §1983 claims. Leatherman, 507 U.S. at 163. Requiring more specificity than the lengthy, specific nine paragraphs of municipal liability plead in the Amended Complaint is not the quantum of proof that is required at this time. Further, it is our belief that based on the overt actions which constituted the violations in this case, the Defendant Officers showed an utter disregard for the constitutional rights of Plaintiff and that these actions have occurred systematically in the past without redress by the County.

Finally, Defendants asked the Court to follow a ruling by citing a case out of context and in doing so, attempts to mislead the Court. In their motion papers, Defendants set forth the proposition that "Courts must apply rigorous standards of causation and culpability when a plaintiff claims that a municipality has caused the deprivation of plaintiff's Constitutional rights." The case of Longo v. Suffolk County Police Dep't., 429 F.Supp.2d 553, 558 (E.D.N.Y.) was incorrectly cited as the authority for this proposition, when in fact, the quote is set forth in the Supreme Court case of Board of County Commissioners of Bryan County v. Brown, 520 U.S. 397 (1997), where the case had been fully litigated and decided on the merits. The Defendants in doing so asked the Court to apply a standard which is inapplicable to the instant case since here, no discovery has been conducted and we are at the preliminary pleadings stage. In light of the foregoing, Defendants' motion to dismiss Plaintiff's claim for municipal liability should be denied. Further, more than sufficient allegations have been provided to place Defendants on full and clear notice of Plaintiff's claims.

## POINT II

## PLAINTIFF'S §1983 AND FOURTH AMENDMENT CLAIMS MUST STAND BECAUSE PLAINTIFF HAS PLEADED SUFFICIENT FACTS TO SUPPORT HER CLAIMS

Notwithstanding the Defendants' vague and ambiguous designations of the of "Fourteenth Amendment Claims", based on Plaintiff's reading of "Point II" in Defendants' moving papers, it appears as though Defendants' are moving to dismiss any substantive due process claim under the Fourteenth Amendment[1].   To the extent that Defendants are moving to dismiss any §1983 claims and the Fourth Amendment, Plaintiff's §1983 and Fourth Amendment claims must stand for the reasons set forth below.  Plaintiff seeks relief under the Fourth Amendment for use of excessive force and violation of a person's right against unreasonable searches and seizures.

It is well settled in this Circuit that in order to dismiss a Fourth Amendment claim at the pleadings stage, it must be beyond a doubt that plaintiff can prove no set of facts in support of his claim.  Messina v. Mazzeo, 854 F.Supp. 116 (E.D.N.Y. 1994); Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); see also Easton v. Sundram, 947 F.2d 1011, 1014-15 (2d Cir.1991), cert. denied, 504 U.S. 911, 112 S.Ct. 1943, 118 L.Ed.2d 548 (1992).  A claim that a police officer used excessive force is properly analyzed under the Fourth Amendment's reasonableness standard.  Snall v. City of New York, 1998 WL 960296 (E.D.N.Y.).  The officer's subjective motive and intent is not taken into consideration.  Graham v. Connor, 490 U.S. 386, 109 S.Ct. 1865 (1989).  Rather, "the jury need only consider whether the officers acted reasonably in light of the facts and circumstances of the situation they faced." Id. at 396.  Defendants' argue that the appropriate standard in establishing a claim for excessive force is if the defendant's conduct

---

[1] Point II of Defendants' Memorandum of Law in Support of County Defendants' Motion to Dismiss, Defendants fail to specify whether the motion to dismiss applies only to Plaintiff's substantive due process claim plead in ¶ 33 of the Amended Complaint or whether Defendants' are moving to dismiss other claims, and if so, which specific claims.

"shocks the conscience". However, the "shocks the conscience" standard is applicable only in

circumstances "outside the context of an arrest". Devito v. Barrant, 2005 WL 2033722 (E.D.N.Y.).

This standard is inapplicable here as Ms. Duartes was not only threatened with arrest "if she crawled

past a certain point" when she attempted to inquire regarding her minor daughter (Defendants'

Exhibit A at ¶65), but overt actions were taken by Defendant Officers by ejecting Plaintiff out of her

wheelchair and taking away her liberty and ability to move about. Plaintiff was also unlawfully

'seized' in violation of her Fourth Amendment rights. Ms. Duartes, as a paraplegic, had no use of

her legs. The Defendants effectively seized the Plaintiff when they left her on the concrete floor,

injured and helpless.

    In Snall v. City of New York, a case in which the court was deciding on a motion to dismiss

plaintiff's complaint, the court held that since the plaintiff pleaded specific allegations of fact

indicating that the officer deprived plaintiff of his Fourth Amendment rights while acting under

color of state law, the Defendants Rule 12(b)(6) motion must be denied. Id. at 5. That court further

stated, "by the plain terms of §1983, two-and only two-allegations are required in order to state a

cause of action under that statute. First, the plaintiff must allege some person has deprived him of

a federal right. Second, he must allege that the person who deprived him of that right acted under

color of state or territorial law." Id. Applying a similar standard here, Plaintiff has adequately

pleaded that her Fourth Amendment rights were violated. Defendants' Exhibit A at ¶¶22-27, 31-32,

35, 37, 39, 40-42, 44 and 47. The foregoing paragraphs are set forth below:

    •    Upon arriving at the scene and identifying herself as the mother of the minor that was
        being detained, Plaintiff, YOULANDA DUARTES, was prevented from speaking
        with the arresting officers, by other officers of the Police Department. As Ms.
        Duartes proceeded to attempt to speak with the Police regarding her thirteen (13)
        year old daughter's arrest, an officer identified as Defendant LAKE intentionally
        placed his left foot in front of the right front wheel of Ms. Duartes' wheel-chair in

order to prevent her from speaking with the arresting officers. Ms. Duartes' wheelchair was caused to fall forward.

• As a result of this excessive force by Defendant LAKE, Plaintiff, who was born without legs, was caused to be violently propelled to the ground over the left side of her wheelchair. In order to break her fall, Ms. Duartes was forced to place both of her arms/hands forward. As a result, Ms. Duartes landed on her left side and sustained injuries to her elbows and shoulders.

• Upon landing on the ground, Plaintiff, YOULANDA DUARTES, was not aware of the location of her wheelchair and requested assistance. Ms. Duartes was not aided in locating her wheelchair nor was she assisted into her wheelchair by the Officers despite her numerous requests. Upon information and belief, Ms. Duartes was intentionally left on the ground for approximately 10 to 15 minutes. In fact, one of the Defendant LAKE advised Plaintiff that he was going " to leave her there until the 'bus' comes". Ms. Duartes had to call emergency (911) from her own cell phone. When Ms. Duartes was able to gather enough physical strength, she then attempted to crawl towards her daughter, at which time, Defendant OFFICERS JOHN DOES threatened to arrest her if she passed a certain point.

• Once her daughter was taken away in the Police car, Plaintiff was not assisted into her chair or offered assistance from the Police. Rather, the Officers continued to prevent her from getting information about her daughter. In that regard, Plaintiff noticed over ten (10) Police Officers aggressively moving towards her as she lay on the ground, as well as a helicopter circling overhead. Plaintiff was in fear for her safety and attempted to maneuver her way around and through the legs of several police officers. Defendant OFFICERS JOHN DOES deliberately disregarded Plaintiff's safety and medical needs.

• Plaintiff, YOULANDA DUARTES, crawled back to her wheelchair (without assistance) and placed herself back into the wheelchair (without assistance). An ambulance arrived for Ms. Duartes. However, Ms. Duartes advised a female Police Officer that she still wanted to go to the Precinct to obtain information about her daughter before she went to the hospital. In response to this request, the police/ambulance wrote on their paperwork that Ms. Duartes "refused" medical assistance. This assertion is false.

• Plaintiff, YOULANDA DUARTES, sustained multiple damages including, but not limited to, cuts, scrapes, bruises, soreness, pain, embarrassment, humiliation, fear, anger, depression and other emotional/mental injuries due to the Defendants violations of her civil rights and constitutional rights.

• The excessive force used by Defendant LAKE against Plaintiff, YOULANDA DUARTES, caused her to be violently propelled to the ground over the left side of her wheelchair. In order to break her fall, Plaintiff was forced to place both of her arms/hands forward. Ms. Duartes landed on her left side and sustained injuries to her elbows and shoulders.

-9-

- Defendant POLICE OFFICERS violated Plaintiff, YOULANDA DUARTES' substantive due process right to bodily integrity. Defendant LAKE intentionally placed his left foot in front of the right front wheel of Ms. Duartes' wheel-chair in order to prevent Ms. Duartes from speaking with the arresting officers, causing Ms. Duartes to fall forward. The wheel of the wheelchair is an extension of Ms. Duartes as she was born with no legs and the wheels function as legs.

- Plaintiff, YOULANDA DUARTES continuously requested assistance of Defendant LAKE and the other Defendant OFFICERS JOHN DOES, however the pleas for help were ignored. Plaintiff was intentionally left on the ground for approximately 10 to 15 minutes, all while she was suffering form the injuries caused by her violent contact with the concrete.

- Plaintiff, YOULANDA DUARTES, was left helpless on the ground, leaving her no choice but to call emergency (911) from *her own cell phone*. In an effort to seek help, and out of concern for her daughter, Ms. Duartes  then attempted to crawl to her daughter. Once again, Ms. Duartes was not assisted by Defendant LAKE or the other Defendant OFFICERS JOHN DOES.

- Shortly after Plaintiff, YOULANDA DUARTES called the Police on her own,  and assisted herself back into her wheelchair, an ambulance arrived for Plaintiff.  Plaintiff advised the Police that she still wanted to find out about her daughter before she got into the ambulance.

- The wrongful seizure, harassment, assault, battery, abuse of authority, abuse of process, threats  and other wrongful acts conducted against Plaintiff, YOULANDA DUARTES, by the collective Defendants, their agents, employees and servants, were committed under color of law, customs, and statutes of the State of New York.

- Under color of law, the Defendants, their agents, employees and servants deprived the Plaintiff, YOULANDA DUARTES of her Fourth Amendment right against unreasonable seizures and Fourteenth Amendment right to Due Process.

- Furthermore, the Defendants' wrongful actions in refusing to conduct a proper investigation into Plaintiff, YOULANDA DUARTES', complaints and concerns and refusing to speak to Plaintiff, or allow her to speak for that matter, was an attempt to cover up the wrongful seizure,  harassment, assault, battery, abuse of authority, abuse of process, threats  and other wrongful acts which was inflicted by the Defendants against Ms. Duartes.

Accordingly, the determination of whether or not, on the merits, Plaintiff's Fourth

Amendment rights were violated  should not be decided at this juncture and is more appropriate after

the completion of discovery.

## POINT III
## DEFENDANT LAKE IS NOT ENTITLED TO QUALIFIED IMMUNITY BECAUSE HIS ACTIONS, AS PLEAD IN THE AMENDED COMPLAINT, WERE OBJECTIVELY UNREASONABLE

An excessive force claim under the Fourth Amendment is properly analyzed under an objective reasonableness standard. Salim v. Proulx, 93 F.3d 86, 91 (2d Cir. 1996). To evaluate a claim of qualified immunity, a Court must first determine if the plaintiff has alleged that the government official violated his or her constitutional rights. Aikman v. County of Westchester, 491 F.Supp.2d 374 (S.D.N.Y. 2007). In determining whether qualified immunity exists, the court then focuses on "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Saucier v. Katz, 533 U.S. 194, 201, 121 S.Ct. 2151 (2001). However, if an officer's belief in the lawfulness of the actions was not objectively reasonable, "qualified immunity offers him no solace and the plaintiff's claims must be allowed to proceed." Aikman, 491 U.S. at 384. An official is entitled to qualified immunity (1) if the plaintiff has not alleged a violation of a constitutional right, (2) if that right was not clearly established at the time of the conduct, or (3) if the official's actions were not objectively unreasonable in light of clearly established law. Almonte v. City of Long Beach, 478 F.3d 100, 108-109 (2d Cir. 2007) (emphasis added). In the case at bar, the Plaintiff has alleged violations of civil rights (see Defendants' Exhibit A); Plaintiff's right to be free from excessive force by a state actor, free from unreasonable searches and seizures as guaranteed by the Fourth Amendment are well established rights; and the Defendants' actions were objectively unreasonable in light of clearly established law. Thus, Officer Lake cannot be entitled to qualified immunity as a matter of law.

Additionally, Defendants' rely primarily on case law regarding arrests for Obstructing

-11-

Governmental Administration as a basis for their arguments that Officer Lake enjoys qualified immunity. It is alleged in their motion papers that the standard of reasonableness utilized when an officer uses force to prevent a citizen from interfering with an arrest is instructive in this case. Contrary to Defendants' position, the court should view this matter in a much different light. The Amended Complaint specifically states, "Police Officers of the Nassau County Police Department's 6[th] Precinct arrested and/or detained Ms. Duartes' 13 year-old daughter and was holding her daughter in a police car."Defendants' Exhibit A at ¶ 21 (emphasis added). In light of these facts, Plaintiff could not possibly have *interfered* with an arrest or obstruct governmental administration, as Plaintiff's daughter was already detained and Ms. Duartes was merely inquiring about her minor child. It is more than reasonable for a mother to inquire about her minor, female13 year-old child who is detained in a police car with a large number of male police officers in the vicinity and have custody of that child.

Despite these blatant facts, Officer Lake not only disregarded Plaintiff's multiple inquiries, he intentionally made physical contact with Plaintiff's wheelchair and intentionally caused her to propel violently on the concrete floor. His intent is confirmed in that he left her there on the floor for 10-15 minutes; he ignored her pleas for help; he failed to assist Plaintiff back into her wheelchair; and he failed to seek medical attention for the injured paraplegic. Defendants' Exhibit A at ¶¶ 22-26. As a result of these unlawful, unreasonable actions, Plaintiff was caused to suffer serious physical and mental injuries. Defendants' Exhibit A at ¶ 27. Under no stretch of a reasonable officer's imagination could these actions be anything but clear violations of Ms. Duartes' protected rights.

## POINT IV

**PLAINTIFF HAS SATISFIED THE FED.R.CIV.P. 8(a)(2) WITH RESPECT TO ASSAULT, BATTERY, NEGLIGENCE AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

Under the Federal Rules of Civil Procedure, a complaint "shall contain...a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "The statement should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." Salahuddin v. Cuomo, 861 F.2d 40, 41-42 (2d Cir. 1988). In deciding a motion to dismiss, it is not proper for a court to weigh the evidence that might be presented at a trial. Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). Rather a court merely determines whether the complaint itself is legally sufficient. Id.

Defendants moved to dismiss all of Plaintiff's state law claims for failure to state a cause of action including assault, battery, negligence, intentional infliction of emotional distress and abuse of process. Each state law claim will be analyzed separately below. However, Defendants, although listing abuse of process in the first paragraph of Point V in their papers, have not addressed it in argument. Accordingly, their motion to dismiss Plaintiff's abuse of process claim should be summarily denied.

**A.      Plaintiff's Claims for Assault and Battery Properly State a Cause of Action for Which Relief Can be Granted**

An assault is "an intentional placing of another person in fear of imminent harmful or offensive contact" and a battery is "an intentional wrongful physical contact with another person without consent." United Nat'l Ins. Co. v. Waterfront N.Y. Realty Corp., 994 F.2d 105, 108 (2d Cir.1993). With respect to the elements of assault and battery, Plaintiff more than satisfied Rule 8(a) of the Federal Rules of Civil Procedure. The Amended Complaint specifically states that,

-13-

"Defendant Lake and the other Defendant Officers John Does threatened her with arrest if she crawled past a certain point and then approached Plaintiff Youlanda Duartes in a quick and violent manner with the intent to cause a reasonable apprehension of fear of imminent injury." Defendants' Exhibit A at ¶65. Further the Defendants "caused Plaintiff, Youlanda Duartes to fear for her safety and placed Plaintiff in apprehension of imminent harmful and offensive contact, as she reasonably believed that the Defendant Officer could have and was going to trample her and physically injure her." Defendants' Exhibit A at ¶67. Battery was sufficiently plead where "Defendant Lake, without Plaintiff's consent and against her will, caused Plaintiff to violently fall to the ground by intentionally making contact with her wheelchair." Defendants' Exhibit A at ¶15.

The Court should note that two of the three cases cited by Defendants in support of their arguments that Plaintiff's assault and battery claims should be dismissed, <u>Cosby v. City of White Plains</u>, 2007 U.S. Dist. LEXIS 23770, *17-18 (S.D.N.Y. February 9, 2007) and <u>Anthony v. City of New York</u>, 2001 U.S. Dist. LEXIS 8923, *42 (S.D.N.Y. July 2, 2001), were both summary judgment motions decided <u>after discovery</u> had taken place. The third and final case cited, <u>Linehan v. State</u>, 201 A.D.2d 706, 706 (2d Dep't 1994), was an appeal after a bifurcated non-jury trial. No authority whatsoever was offered by Defendants to support dismissing assault and battery at the pleadings stage. Therefore, Defendants motion to dismiss as to Plaintiff's assault and battery must be denied.

**B.**     **<u>Pleading Intentional Conduct along with Negligence in a Complaint is Not Inconsistent.</u>**

The Defendants contend that because the Amended Complaint asserts separate counts in which damages are alleged to have resulted from intentional acts (to wit: assault, battery and excessive use of force) that a subsequent count may not plead and color the same actions as the

-14-

negligent proximate cause of damages. The Defendants contend that "because once intentional offensive contact has been established, the actor is liable for assault, not negligence" (Defendant's Memorandum of Law, p.12 L.19).

The Defendants cite <u>Merzon v. County of Suffolk</u> which found, after a bench trial, that "The proof is uncontroverted that the firing of the shot by Officer Emanuele was intentional, and not caused by any negligent act. Accordingly, the plaintiff failed to establish any "negligent firing" and these causes of action are dismissed." <u>Merzon v. County of Suffolk</u> 767 F.Supp. 432, *449 (E.D.N.Y.,1991)]  Likewise, Defendants cite <u>Rafferty v. Arnot Ogden Memorial Hosp</u> which held that "*** since there cannot be a verdict in plaintiff's favor upon both negligence and assault theories, and Mazzaferro would require the trial court to dismiss either the negligence or assault action at the <u>close of plaintiff's proof,</u> it seems clear that plaintiff should be required to separately state and number her causes of action in order to permit an orderly trial." (emphasis added) <u>Rafferty v. Arnot Ogden Memorial Hosp.</u> 140 A.D.2d 911, 912, 528 N.Y.S.2d 729, 730 (N.Y.A.D. 3 Dept.,1988). In <u>Hansel v. Sheridan</u> the Court held that "Once intentional offensive contact has been established, the actor is liable for assault and not negligence, even when the physical injuries may have been inflicted inadvertently." <u>Hansel v. Sheridan</u> 991 F.Supp. 69, 75 -76 (N.D.N.Y.1998).

The cases cited by the Defendants stand for the proposition that the Plaintiff can not ultimately recover in a claim for negligence where the conduct was proven to be intentional, and vise versa. However, as this action is in its infancy and no discovery has been exchanged, intentional offensive contact has not been established. In fact, the Defendants' Answer specifically denies that the Plaintiff suffered damages as a result of any intentional or negligent conduct. Since the Federal Rules permit pleading in the alternative, [Rule 8(d)(2), F.R.Civ.P.,] the Plaintiff's Amended

-15-

Complaint properly alternatively sounds in claims for damages resulting from intentional excessive force, assault, battery and negligence.

**C.     All the Elements of Intentional Infliction of Emotional Distress Are Properly Pleaded in Plaintiff's Amended Complaint.**

Under New York law, a claim for IIED requires: "(1) extreme and outrageous conduct; (2) intent to cause, or reckless disregard of a substantial probability of causing, severe emotional distress; (3) a causal connection between the conduct and the jury; and (4) severe emotional distress." Conboy v. AT&T Corp., 241 F.3d 242, 258 (2d Cir. 2001).  While we agree that in this Circuit it has commonly been held that the tort of intentional infliction of emotional distress is a difficult standard to satisfy, determining whether or not Plaintiff satisfies this rigorous standard is not for this Court to decide at this time. See Clayton v. City of Poughkeepsie, 2007 WL 2154196 (S.D.N.Y. 2007) (standing for the proposition that based on the facts alleged in the Complaint for the claim for excessive force, court could not conclude as a matter of law that plaintiff could not recover on a theory of intentional infliction of emotional distress).

**POINT V**

**IN THE EVENT THE COURT DISMISS ANY OF PLAINTIFF'S CLAIMS, PLAINTIFF IS SHOULD BE ENTITLED TO LEAVE TO AMEND THE COMPLAINT**

Plaintiff asserts that, based on the Amended Complaint and the arguments set forth in Points I through V, *supra*, all of Plaintiff's asserted claims are viable, timely, and properly pled, as to warrant denial of Defendants' Motion to Dismiss Plaintiff's Complaint.  However, in the event that this Court should find that any necessary factual or legal assertions are omitted from any or all of the claims, then Plaintiff respectfully requests leave to amend the complaint, pursuant to Fed. Rule Civ. Pro 15(a).

It has been held that "Under Rule 15(a), leave to amend 'shall be freely given when justice so requires'." Fed. R. Civ. P. (15)(a); <u>Twisted Records v. Rauhofer</u>, 2005 WL 517328 (S.D.N.Y. 2005), *citing*, <u>Dluhos v. Floating and Abandoned Vessel known as "New York,"</u> 162 F. 3d 63, 69 (2nd Cir. 1998). This is particularly true where there is no undue prejudice or delay by the party seeking to amend. <u>Block v. First Blood Assocs.</u>, 988 F. 2d 344, 350 (2nd Cir., 1993). In the within action, there is neither delay by the Plaintiff, nor undue prejudice to the defendants, in granting leave to amend the complaint.

Moreover, Defendants cannot claim any prejudice by the granting of leave to amend the complaint (i.e., no "significant additional resources" to be expended by defendants, nor any significant delay to the resolution of the matter). <u>Monahan v. New York City Dep't. Of Corrections</u>, 214 F. 3d 275, 284 (2nd Cir., 2000). Lastly, as this is the Plaintiff's *first request of the Court to amend the complaint*, and the reasons for said amendments are amply set forth in the within brief (*supra*), there is no bad faith motive on Plaintiff's behalf, in seeking such leave to amend the complaint under Federal Rule Civ. Pro 15(a). Thus, Plaintiff respectfully requests such leave be granted by the Court, if necessary to sustain any or all of the claims, or portions thereof.

## CONCLUSION

For all of the aforementioned reasons, Plaintiff respectfully requests that the Defendants' Motion To Dismiss Plaintiff's Claims be denied in its entirety, with prejudice, and that any and all further relief that this Court deems proper and just be granted to Plaintiff.  Additionally, Plaintiff respectfully asks that this Court grant Plaintiff Leave to Amend the Complaint if necessary for the sustainment of any one or all of Plaintiff's claims, pursuant to Fed. Rule Civ. Pro 15(a).

Dated: Hempstead, New York
       February 15, 2008

LAW OFFICES OF
FREDERICK K. BREWINGTON

FREDERICK K. BREWINGTON (FB 5295)
50 Clinton Street, Suite 501
Hempstead, New York 11550
(516) 489-6959

-18-